IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK R. HOLLEY, SR.,

    Plaintiff,                      No. CIV S-05-2495 MCE JFM P

    vs.

T. PREBULA, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4         The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).
10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.
17        A complaint, or portion thereof, should only be dismissed for failure to state a
18 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22 complaint under this standard, the court must accept as true the allegations of the complaint in
23 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26 /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court finds the allegations against defendants Veal and Schwartz are based on a theory of respondeat superior and so vague and conclusory that the complaint does not state a cognizable claim for relief against said defendants. For that reason, the court will not order service of process on either defendant Veal or defendant Schwartz.

The complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the

/////

3

complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

        2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

        3.  Service is appropriate for the following defendants:  T. Prebula; Miller; Cry; Sinkovich; and Crawford.

        4.  The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed December 9, 2005.

        5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a.  The completed Notice of Submission of Documents;

        b.  One completed summons;

        c.  One completed USM-285 form for each defendant listed in number 3 above; and

        d.  Six copies of the endorsed complaint filed December 9, 2005.

        6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED:  January 12, 2006.

        /s/ John F. Moulds
        UNITED STATES MAGISTRATE JUDGE

12/holl2495.1a

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK R. HOLLEY, SR.,

        Plaintiff,                                  No. CIV S-04-2495 MCE JFM P

   vs.

T. PREBULA, et al.,                         NOTICE OF SUBMISSION

        Defendants.                       OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____    completed summons form

        _____    completed USM-285 forms

        _____    copies of the _____

                           Complaint/Amended Complaint

DATED:

                                          _____

                                          Plaintiff