1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9   PATRICK RONALD HOLLEY, SR.,

10          Plaintiff,                    No. CIV S-05-2495 MCE JFM P

11      vs.

12   T. PREBULA, et al.,                  ORDER AND

13          Defendants.              FINDINGS AND RECOMMENDATIONS

14   _____/

15          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16   42 U.S.C. § 1983.  Plaintiff claims that defendants violated his constitutional rights by

17   improperly increasing his classification score in retaliation for filing inmate grievances, conduct

18   that is protected by the First Amendment.[1]

19          On April 14, 2006, defendants Sinkovich, Prebula, Miller and Cry filed a motion

20   to dismiss this action pursuant to Fed. R. Civ. P. 12(b) on the ground that plaintiff failed to

21   exhaust administrative remedies prior to suit.  On May 10, 2006, defendant Crawford joined in

22   the motion to dismiss.

23   _____

24      [1] The instant complaint raises the same claims plaintiff raised in CIV S-04-1842 FCD
     JFM P, which was dismissed for plaintiff's failure to exhaust administrative remedies prior to
25   bringing suit.  A court may take judicial notice of court records.  See MGIC Indem. Co. v.
     Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th
26   Cir. 1980).

1

1    Defendants seek dismissal of this action pursuant to the unenumerated portion of

2   Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust administrative remedies prior to suit.

3   On February 1, 2006, plaintiff received the notice required by Wyatt v. Terhune, 315 F.3d 1108

4   (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to

5   exhaust administrative remedies.

6                                              ANALYSIS

7        "Section 1997e(a) of Title 42 of the United States Code provides:

8            No action shall be brought with respect to prison conditions under
             [42 U.S.C. § 1983], or any other Federal law, by a prisoner
9            confined in any jail, prison, or other correctional facility until such
             administrative remedies as are available are exhausted.
10

11  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

12  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S.

13  516, 524 (2002).  Exhaustion must precede the filing of the complaint and that compliance with

14  the statute is not achieved by satisfying the exhaustion requirement during the course of an

15  action.  McKinney, 311 F.3d at 1199.  Defendants have the burden of establishing that plaintiff

16  failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a).  See Wyatt, 315 F.3d at

17  1120; Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).

18            The California prison grievance procedure has several layers, culminating in the

19  third, or Director's, level review.  Cal.Code Regs tit. 15, §§ 3084.1- 3084.5.  Administrative

20  procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or

21  third level review, with respect to his issues or claims, unless a step of the grievance process is

22  not available to plaintiff.  Cal. Code Regs. tit. 15, § 3084.5.  The third or "Director's Level" of

23  review "shall be final and exhausts all administrative remedies available in the Department [of

24  Corrections.]"  See Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of

25  Review"; Irvin v. Zamora, 161 F.Supp.2d 1125, 1129 (S.D. Cal.2001).

26  /////

1    Plaintiff's complaint contains the following allegations. Defendant Prebula

2    conspired with other prison officials and retaliated against plaintiff by adding excess

3    classification points to plaintiff's classification score without due process and in retaliation for

4    plaintiff's refusal to drop an inmate grievance. (Complaint, filed December 9, 2005.) Defendant

5    Prebula told plaintiff that defendant Miller had added the classification points and that when

6    plaintiff confronted defendant Miller she told plaintiff that he should not have "tried to file

7    criminal charges on me" and walked away. (Id.) On July 28, 2004, plaintiff filed an inmate

8    grievance seeking correction of his classification score. (Id.) Defendants Cry and Sinkovich

9    improperly rejected plaintiff's appeal as duplicative and failed to attach a form, necessary to

10   further pursuit of administrative review, to the rejected appeal.

11   The record reflects that on June 3, 2004, plaintiff filed an inmate grievance

12   challenging an increase to his classification score. (Defts.' Motion to Dismiss, filed April 14,

13   2006 (hereafter "Defts.' Motion"), Ex. 1.) Plaintiff contended that the increase was improper as

14   it had been based on three disciplinary convictions from a prior prison term, all of which had

15   been "overturned" in 1993. (Id.) The grievance was rejected at the informal level of review, as

16   well as the first and second formal levels of review. (Id.) On July 27, 2004, plaintiff completed

17   the section of the appeal form for submission of the appeal to the Director's Level. (Id.) Plaintiff

18   did not, however, actually submit the grievance to the Director's Level. (Defts.' Motion, Ex. 1;

19   Declaration of Rubie Piazza, at ¶ 10.) Although plaintiff alleged in that section of the grievance

20   form that defendant Miller was "still retaliating" against plaintiff by "arbitrarily" increasing his

21   classification score, the grievance contained no allegation that the classification score had been

22   increased because plaintiff had tried to pursue criminal charges against defendant Miller.

23   On July 28, 2004, plaintiff filed another inmate grievance at the informal level of

24   review. (Defts.' Motion, Ex. 2.) In that grievance, plaintiff contended that he had learned on

25   July 27, 2004, apparently through receipt of the disposition of his first grievance, of six

26   additional classification score points that he believed had been improperly included in his

1   classification score.  (Id.)  Plaintiff contended in the grievance that those points were different

2   from the ones at issue in his first grievance.  (Id.)  Plaintiff also contended that defendant Prebula

3   had added six points to plaintiff's classification score "as an act of retaliation for his pursuit of

4   judicial remedy [sic] in prior claims" and that defendants Miller and Prebula were engaged in a

5   conspiracy to retaliate against plaintiff.  (Id.)  On August 23, 2004, that grievance was rejected at

6   the informal level as duplicative.  (Id.)  Plaintiff did not pursue that grievance further.

7           Instead, on October 23, 2005, plaintiff filed another initial grievance.  (Defts.'

8   Motion, Ex. 3.)  Plaintiff again grieved the erroneous assessment of 6 classification score points,

9   and the retaliatory actions of defendants Prebula and Miller.  (Id.)  On October 24, 2005, the

10  grievance was rejected at the informal level as duplicative.  (Id.)  The instant action was filed on

11  December 9, 2005.

12          In opposition to defendants' motion, plaintiff contends he was required to file the

13  July 28, 2004 grievance anew because it raised new issues not contained in his initial grievance,

14  04-M-969.  Plaintiff contends this is clear because in the July 28, 2004 grievance, he alleges facts

15  that took place after the June 3, 2004 grievance was filed in 04-M-969.  Moreover, plaintiff

16  contends that in his October 23, 2005 grievance, he specifically included a request that

17  defendants explain what plaintiff needed to do next to exhaust his administrative remedies:

18          If this appeal is rejected, explain what appellant needs to do to
            process this appeal and place explanation on the 695 form.  If not
19          explained appellant will construe as no available remedy exists.

20  (Defts.' Mot., Ex. 3.)  Plaintiff contends that defendants failed to respond to his request, merely

21  stating "court order already with findings and recommendations."  (Id.)  Plaintiff provided no

22  evidence that he attempted to file a formal level appeal or that he attempted to file a third level

23  appeal of his grievance 04-M-969.

24          Under applicable regulations, an inmate grievance may be rejected at the informal

25  level of review on the ground, inter alia, that it duplicates another grievance.  See Cal. Code

26  Regs. tit. 15 § 3084.3(c)(2).  Plaintiff was provided specific instructions by this court's October

4

1   12, 2005 findings and recommendations issued in CIV S-04-1842 FCD JFM P, as to how to

2   proceed in the face of a rejection based on duplicative filing. (Id., at 4.)   Specifically,

3            [i]f an appeal is rejected at the informal level, "an inmate may file
           a first formal appeal with the prison's Appeals Coordinator within
4            fifteen working days." Ngo v. Woodford, 403 F.3d 620, 624 (9th
           Cir. 2005)(citing Cal. Code Regs. tit. 15 §§ 3084.5(b), 3084.6(c)).

5

6   (Holley v. Sinkovich, CIV S-04-1842 FCD JFM P, October 12, 2005 Findings and

7   Recommendations at 4.)   Although plaintiff contends that he believed the rejection was final

8   because prison officials failed to instruct plaintiff on what he was required to do next, the prison

9   official's reference to the findings and recommendations was instructive because the findings and

10   recommendations included all the instructions plaintiff needed to appeal his grievance to the

11   third level.  In addition to the above language concerning the first formal appeal, the findings and

12   recommendations clearly advised plaintiff that exhaustion is mandatory and that he must proceed

13   to the third or "Director's Level" of review to complete a final exhaustion of administrative

14   remedies. (Id. at 2.)

15        Plaintiff's reliance on Ngo v. Woodford, 403 F.3d 620  (9th Cir. 2005), is

16   unavailing because that case has been reversed.  The Supreme Court has found that the PLRA

17   requires "proper exhaustion," which means that plaintiff may not excuse his failure to complete

18   the administrative exhaustion process simply by alleging that defendants refuse to process his

19   grievances, at least without some demonstration that his grievances have been properly filed in

20   compliance with prison regulations.   Woodford v. Ngo, ___ U.S.___, 126 S. Ct. 2378, 2387

21   (2006).  Plaintiff has not made such a demonstration.

22        In the instant case, plaintiff's third grievance was rejected as duplicative at the

23   informal level of review.  At that point, review at the first formal level of review remained

24   available to plaintiff under applicable regulations.  He did not, however, seek this review.  For

25   this reason, this court finds that plaintiff failed to exhaust administrative remedies prior to suit

26   and will recommend that defendants' motion to dismiss be granted on this ground.

1        IT IS HEREBY RECOMMENDED that:

2        1.  The motion to dismiss filed April 14, 2006, by defendants Prebula, Miller, Cry

3   and Sinkovich, be granted;

4        2.  Defendant Crawford's May 10, 2006, joinder in the motion to dismiss be

5   granted;

6        3.  This action be dismissed for failure to exhaust administrative remedies prior to

7   suit.

8        These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

13  failure to file objections within the specified time may waive the right to appeal the District

14  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED:  February 1, 2007.

16

17                                      _____
                                        UNITED STATES MAGISTRATE JUDGE
18

19  1
20  holl2495.mtd

21

22

23

24

25

26